No. 17,854.

ESTATE OF NICOLAS M. VILM, ET AL. *v.* ETTIENNE VILM.
(299 P. [2d] 513)

Decided July 2, 1956.

Mr. DAVID B. RICHESON, for plaintiff in error Claude H. Vilm.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

NICOLAS M. VILM died April 5, 1951. Apparently he had executed two wills, one of which is dated June 15, 1949, the date of the other does not appear in this record. The June 15, 1949, will was lodged in the county court of Jefferson County, Colorado, on April 9, 1951, and apparently was not offered for probate. It appears from the record here that on August 15, 1955, Claude H. Vilm, also known as Jack Vilm, decedent's son, filed a petition in the county court of the City and County of

Denver requesting an order directed to the county court of Jefferson County, Colorado, to forward the June 15, 1949, will to the Denver county court, which order was granted and the said will was forwarded to the Denver county court. On August 25, 1955, Claude H. Vilm filed a petition to have the June 15, 1949, will admitted to probate and record in the Denver county court. Objections to the probate thereof were filed by Ettienne Vilm, another son of decedent, which objections, supported by certified copies of the records of the Jefferson county court, disclose that a will of decedent was admitted to probate and record in the county court of Jefferson County; that Claude H. Vilm was a party to said proceeding; that the estate was duly administered, distribution made, and the probate proceedings closed on April 27, 1953.

The petition filed by Claude H. Vilm for the probate of the June 15, 1949, will recited that the testator died "a resident of the County of Jefferson, State of Colorado." On February 1, 1956, the day the trial judge approved the record in the instant case, it appears that an order was entered authorizing the petitioner, Vilm, to "correct the petition filed August 25, 1955, to show City and County of Denver instead of the County of Jefferson, nunc pro tunc as of October 10, 1955." No such "correction" was made. Neither does it appear that counsel for objectors was notified of the entry of this order, entered long subsequent to the final judgment in the case. After judgment it is too late to amend pleadings unless consent of all parties is obtained.

The Denver County Court sustained the objections filed by Ettienne Vilm and held that it did not have jurisdiction. All pertinent facts were stipulated by counsel for the respective parties and are embraced in the foregoing statement of the record. From the judgment denying probate, plaintiff in error brings the case here on writ of error.

46

■ Counsel for plaintiff in error contend that " * * * inasmuch as the deceased died in the City and County of Denver that the County Court of Jefferson County never had jurisdiction and therefore any subsequent will found could only be probated in the County Court of the City and County of Denver as that is the place where the deceased died." Counsel also state "the last known residence of such testator is the place where the will must be probated." With this latter statement we agree, but we cannot agree with the contention that because decedent may have died in Denver that the County Court of the City and County of Denver had jurisdiction and that after regular probate proceedings were had in Jefferson County, Colorado, of which all interested parties had due notice, and the estate was closed in regular form and distribution made in 1953, that the Denver County Court on August 15, 1955, had jurisdiction to admit the 1949 will to probate, simply because decedent may have passed away in the City and County of Denver.

■ Petitioner in the instant case was a party to and appeared in the Jefferson County probate proceeding; received his share of the estate on final distribution, and he cannot now be heard to say that the Denver County Court should admit the 1949 will to probate. The entire Jefferson County Court record is not before us, so we must assume that the necessary jurisdictional matters appeared in the petition for the probate of the will under which plaintiff in error received his share of his father's estate.

■ C.R.S. '53, 152-1-3, provides that estates of deceased persons shall be administered in the County Court of the last known residence of such deceased person.

■ What we have here is an attempt to attack the final decree in the Jefferson County probate proceeding, in which matter petitioner Vilm not only had timely

notice, but appeared therein and filed objections to the final report. These objections being disposed of he receipted for his share of his father's estate, all in accordance with the orders and decree of the Jefferson County Court. Under the circumstances an attack on the Jefferson County probate proceedings in a different court cannot be had. Why the 1949 will was not offered for probate remains shrouded in mystery so far as this record is concerned. It was lodged in the Jefferson County Court four days after decedent died, and more than two years before the probate proceedings in that court were concluded.

The judgment is affirmed.